

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESITA L. VIANA, an individual, | No.   16-56346 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-08316-JFW-AS |
| v. | |
| FEDEX CORPORATE SERVICES, INC., a Delaware corporation doing business as FedEx Services, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,** District Judge.

Teresita Viana brought this action against FedEx Corporate Services, Inc.

("FedEx") alleging that after 15 years of working with FedEx her employment was

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

terminated because of her age, gender, and national origin. The district court granted summary judgment for FedEx finding that FedEx had a legitimate reason for terminating Viana, falsification of records, and that Viana could not show that this reason was a pretext. Viana appeals. We vacate and remand because Viana made a prima facie showing of discrimination and raised substantial questions as to whether FedEx's investigation, which was conducted by Scott McMurrey, her supervisor, was pretextual.

Under the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–803 (1973), Viana had the burden of first establishing a prima facie case of discrimination. FedEx then had the burden of producing evidence of a legitimate non-discriminatory reason for the termination, and if FedEx were successful, the burden shifted back to Viana to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotation marks omitted); *see also Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (2000).

On summary judgment, the court must draw all inferences in favor of the non-moving party. *Diaz*, 521 F.3d at 1207. We review a grant of summary

judgment de novo. *Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell*, 729 F.3d 1025, 1035 (9th Cir. 2013).

Viana presented evidence that McMurrey was biased against her because of her age, gender, and national origin. FedEx argues that Viana did not make a sufficient factual showing of discrimination and failed to tie the alleged discrimination to the termination of her employment. However, the district court accepted, or assumed, that Viana had made a prima facie showing of discrimination and proceeded to hold that FedEx had a legitimate non-discriminatory reason for terminating Viana, the falsification of records. In light of the minimal standard for making a prima facie showing of discrimination, *see Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000), we conclude from our review of the record that, at least for the purposes of summary judgment, Viana made a prima facie showing of discrimination. For example, there was evidence that McMurrey called Viana a "bitch" and used other derogatory and sexist terms to refer to her.

We further determine that the proffered evidence was sufficient to raise material issues as to the legitimacy of FedEx's determination that Viana had falsified records. In *Reeves*, the Supreme Court noted that:

although the presumption of discrimination "drops out of the picture" once the defendant meets its burden of production, *St. Mary's Honor Center* [*v. Hicks*, 509 U.S. 502, 511 (1993)], 113 S. Ct. 2742, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case "and inferences properly drawn therefrom ... on the issue of whether the defendant's explanation is pretextual," [*Texas Dep't. Of Cmty. Affairs v.*] *Burdine*, [450 U.S. 248, 255 n.10 (1981)], 101 S. Ct. 1089.

530 U.S. at 143. Here, Viana offered reasonable explanations for the alleged mileage overages that McMurrey did not address. Viana offered reasonable explanations for the allegations that she was on the internet system at the same time as she was allegedly making sales calls, which McMurrey did not address. Viana also offered evidence that the declarations McMurrey secured from clients—to the effect that Viana did not meet with them when she said she did—were incomplete, and that subsequent declarations from these clients stated that they did not know whether Viana had visited the locations on certain days. In addition, the record shows that FedEx's investigation was conducted entirely by McMurrey and that Viana was never given the opportunity to respond to McMurrey's allegations against her until after her employment was terminated. *See Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007) (holding that "the subordinate's bias is imputed to the employer if the plaintiff can prove that the allegedly independent

4

adverse employment decision was not actually independent because the biased subordinate influenced or was involved in the decision or decisionmaking process").

Contrary to the district court's perspective, this evidence could support a jury determination that FedEx's claim that Viana had falsified records was a pretext. As the Supreme Court noted in *Reeves*, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." 530 U.S. at 148. Accordingly, the district court, on the motion for summary judgment, should not have weighed the evidence and characterized McMurrey's alleged discriminatory remarks as only "stray remarks." *See Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1039 (9th Cir. 2005) ("[W]e have repeatedly held that a single discriminatory comment by a plaintiff's supervisor or decisionmaker is sufficient to preclude summary judgment for the employer.").

Viana also asserted a claim for unpaid wages. California Labor Code §§ 201 through 204 require that upon termination, an employer must pay an employee all wages that have been earned. The record shows that FedEx

paid Viana all the wages she had earned when her job was terminated. Viana's argument that she would have earned more wages if one of her accounts had not been reassigned might be relevant to a determination of damages should Viana prevail on her other causes of action, but it does not give rise to a claim for unpaid wages.

The district court's grant of summary judgment is vacated, except as to Viana's claim for unpaid wages which is affirmed. The case is remanded to the district court. Costs are awarded to Viana.

**Vacated in part, affirmed in part, and remanded.**